# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESUS HERNANDEZ,**

        **Plaintiff,**

**-vs-**          Case No. 6:08-cv-1961-Orl-31KRS

**C.D.S. CONTRACTING GROUP, INC., and
CARLOS SOTOLONGO,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 18)** |
| **FILED:** | **February 6, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In their Joint Motion, the parties contend they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

The instant motion, Doc. No. 18 at 3, and settlement agreement, Doc. No. 18-2, both indicate Plaintiff Hernandez compromised his FLSA claim. In answers to the Court's interrogatories, Hernandez averred he was owed $1,456.25 in unpaid wages, $1,456.25 in liquidated damages, plus attorney's fees and costs. In the settlement agreement, Hernandez has agreed to accept $1,000.00 under the settlement. Doc. No. 18-2. Counsel for Plaintiff will receive $1,000.00 in attorney's fees and $500.00 in costs. *Id.*

Counsel for Plaintiff does not indicate whether a contract between Plaintiff and counsel, or any other agreement, could reduce Plaintiff's recovery if the Court determines the amount of attorney's fees sought is not a "reasonable attorney's fee" under the FLSA. 29 U.S.C. § 216(b). In addition, Plaintiff's counsel has failed to attach contemporaneously recorded time records for this case.

In order to determine whether this proposed settlement is reasonable, counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claims have, will, or could be compromised by deduction of attorney's fees, costs, or expenses, whether pursuant to a contract between Plaintiff and his counsel or otherwise. Plaintiff must also establish that the attorney's fees awarded to counsel for Plaintiff constitute "a reasonable attorney's fee" under the FLSA. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[1] *Zegers v. Countrywide Mortgage Ventures*, *LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

Plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous.*

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

*Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[2] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task.

**Counsel for Plaintiff is reminded that a document preservation order remains in effect as to the time records in this case entered on or before January 5, 2009.** ***See Varela v. Innovative Writing Solutions, Inc.*, Case No. 6:07-cv-165-Orl-28KRS, doc. no. 64 (M.D. Fla. Jan. 5, 2009), which order is incorporated herein by reference. This document preservation order prohibits Plaintiffs' counsel, Morgan & Morgan, P.A. and others from changing the time records in any way, including altering the initials of the recorder or timekeeper or the hourly rate or amount. Failure to comply with that order may result in sanctions. See, e.g., Fed. R. Civ. P. 16(f).**

---

[2] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

Accordingly, it is **ORDERED** that on or before February 16, 2009, counsel for Plaintiff shall file:

1. A sworn declaration setting forth the calculation used to determine the precise final distribution of settlement funds among Plaintiff's FLSA compensation and liquidated damages (if any), after deduction of any taxes or withholding, and attorney's fees including costs/expenses, after application of any fee agreement between Plaintiff and his counsel;

2. In support of his sworn declaration, counsel for Plaintiff shall file the following:

    a. a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task;

    b. a statement advising the Court whether and to what extent any fee agreement, or other agreement, between Plaintiff and Plaintiff's counsel could decrease Plaintiff's recovery if the Court determines that a reasonable attorney's fee under the FLSA is less than the amount sought by Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties