# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESUS HERNANDEZ,**

      **Plaintiff,**

-vs-                                      **Case No. 6:08-cv-1961-Orl-31KRS**

**C.D.S. CONTRACTING GROUP, INC., and
CARLOS SOTOLONGO,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 18)** |
| **FILED:** | **February 6, 2009** |

## I. PROCEDURAL HISTORY.

This case was brought by Plaintiff Jesus Hernandez under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Hernandez and Defendants D.S. Contracting Group, Inc., and Carlos Sotolongo seek the Court's approval of their settlement.

On February 2, 2009, the parties filed their initial joint motion for approval of a settlement, Doc. No. 16, which the Court denied for failure to attach the settlement agreement or include its essential terms. Doc. No. 17. The parties filed their renewed motion on February 6, 2009. Doc. No. 18. The Court ordered counsel for Plaintiffs to supplement the motion with verified time records and

a sworn statement concerning the distribution of settlement funds. Doc. No. 19. Carlos V. Leach, Esq., filed his affidavit on February 17, 2009. Doc. No. 21 ("Leach Aff."). The motion seeks approval of a settlement of $1,000.00 in unpaid wages for Hernandez, $1,000.00 in attorney's fees, and $500.00 in costs. Doc. No. 18 at 3. As the motion is unopposed, and Attorney Leach has filed his affidavit containing the time records and an explanation of settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

*A. Settlement Recovery.*

Plaintiff Hernandez initially averred he was due $1,456.25 in unpaid overtime and an equal amount in liquidated damages. Doc. No. 12. The parties represent that Hernandez has agreed to accept $1,000.00 as payment of his damages because of "Defendants' position that Plaintiff did not actually work the hours that he claims . . . [and] the Defendants' ability/inability to pay the amount sought at this time." Doc. No. 18 at 3. The parties' settlement agreement contains a provision acknowledging that the parties' attorneys counseled and represented them throughout the litigation and settlement process. Doc. No. 18-2 ¶ 7. The same provision also reflects the parties' agreement that they voluntarily entered into the settlement. *Id.*

Plaintiff Hernandez will receive less than the amount he claimed to be owed under the FLSA. Accordingly, he has compromised his FLSA claim. The Court, therefore, must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

*B. Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The settlement agreement provides for a payment of $1,500.00 to Attorney Leach for attorney's fees and costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

       1.    Hourly Rate.

Attorney Leach has been licensed to practice law in Florida since 2002. Leach Aff. ¶ 5. He attests that a reasonable hourly rate for his services is $250.00 per hour. *Id.* Leach cites several cases in which the Court has approved an award of $250.00 to $300.00 per hour for his services. *Id.*

In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at *3 (M.D. Fla. Oct.19, 2007). In the following cases cited by Leach, the Court awarded $300.00 per hour for Leach's time in FLSA cases resolved by default judgment: *Bofferding v. C.J.'s Sandwich Shop, Inc.*, Case No. 8:08-cv-574-T-30TGW, Doc. No. 8 (M.D. Fla. July 30, 2008); *Jackson v. Hobart Enterprises, Inc.*, Case No. 8:06-cv-1759-T-30MAP, Doc. No. 44 (M.D. Fla. Aug. 8, 2008); *Savinon v. Acropolis Greek Taverna, Inc.*, Case No. 8:07-cv-552-T-17TGW, Doc. No. 14 (M.D. Fla. Feb. 11, 2008); *Wood v. Chromos, Inc.*, Case No. 8:07-cv-555-17EAJ, Doc. No. 12 (M.D. Fla. Oct. 19, 2007); *Bratton v. Rapid Response Towing, Inc.*, Case No. 8:06-cv-1758-T-27MSS, Doc. No. 16 (M.D. Fla. Aug. 31, 2007); *Sydensticker v. Lea Brothers Roofing, Inc.*, Case No. 5:07-cv-117-Oc-10GRJ, Doc. No. 12 (M.D. Fla. Dec. 21, 2007); In other cases cited by Leach, the Court awarded $250.00 for Leach's time in FLSA cases resolved by default judgment: *Bryan v. Hungry Howie's Pizza Store # 27*, Case No. 5:07-cv-123-Oc-10GRJ, Doc. No. 16 (M.D. Fla. Oct. 2, 2007); *Chandler v. Britton Investments, Inc.*, Case No. 5:07-cv-369-Oc-10GRJ, Doc. No. 10 (M.D. Fla. Jan. 9, 2008); *Donahou v. Innovative Wiring Solutions, LLC*, Case

No. 6:07-cv-1338-Orl-19DAB, Doc. Nos. 22, 23 (M.D. Fla. May 2008); *Simeone v. Specialty Roofing and Coating Co.*, Case No. 6:07-cv-890-Orl-31GJK, Doc. Nos. 20, 21 (M.D. Fla. June 3, 2008); *Da Silva v. BPW Pershing, LLC*, Case No. 6:08-cv-763-Orl-31DAB, Doc. Nos. 13, 14 (M.D. Fla. Sept. 16, 2008).

Counsel did not cite other orders of this Court finding that his hourly rate in FLSA cases is $160.00 per hour: *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-19GRJ, 2009 WL 111678 (M.D. Fla. Jan. 15, 2009)(jury trial)[2]; *Reboucas v. LCM Investment Group, Inc.*, No. 6:08-cv-280-Orl-28KRS, 2008 WL 4326527, Doc. No. 12 (M.D. Fla. Aug. 28, 2008)(default judgment)[3]; *Dial v. Little Wagon Errand Servs., Inc.*, No. 6:07-cv-1072-Orl-28KRS, 2008 WL 227967, at * 1, 5 (M.D. Fla. Jan 25, 2008)(default judgment)[4]; *King*, 2007 WL 3072262, at *1 (M.D. Fla. Oct. 19, 2007)(settlement)[5].

As observed by the court in *Norman*, "[n]o two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Norman*, 836 F.2d at 1300. This explains, in part, the difference among judges of this Court regarding Leach's reasonable hourly rate.

There is no indication that this case was particularly complicated. It settled before a Case Management and Scheduling Order was entered and before discovery began. The initial motion for

---

[2] The Court found that Leach's affidavit that he billed his client at a rate of $300.00 per hour was insufficient to establish his reasonable hourly rate.

[3] The Court found that Leach failed to offer independent evidence of the type required by *Norman* to support the reasonableness of his claimed hourly rate.

[4] The Court found that Leach failed to offer independent evidence of the type required by *Norman* to support the reasonableness of his claimed hourly rate.

[5] The Court found that $300.00 per hour was a fee commanded by lawyers with double Leach's experience and that his performance fell below the level of attorneys practicing before this Court.

approval of the settlement agreement was apparently submitted before the settlement agreement was signed. *Compare* Doc. No. 16 (first motion for approval of settlement filed February 3, 2009) *with* Doc. No. 18-2 at 3 (settlement agreement signed by Defendants on February 5, 2009). Under these circumstances, I find that $160.00 is a reasonable hourly rate for Leach's work in this case.

Leach also seeks $105.00 per hour for paralegal Rafael Martinez, who has approximately five years of paralegal experience, and $95.00 per hour for paralegal Risma Saragih, who also has approximately five years of paralegal experience. Leach Aff. ¶¶ 6-7. Leach submits no evidence as to the reasonableness of these rates. The Court has previously found the reasonable rate for another paralegal at Leach's firm with nearly nine years of experience to be $50.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008).

The paralegals' work in this case was primarily limited to preparing form filings, scheduling, and updating Plaintiffs on the status of the cases. This limited work is uncomplicated and does not warrant a higher hourly rate. Accordingly, absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Martinez and Saragih's work in this case.

2.   Reasonable Number of Hours for Attorney Leach.

Attorney Leach expended 5.9 hours of attorney time on the case. I find this time spent was reasonable in the absence of objection.

Leach avers that the paralegals expended 3.80 hours on the case. After reviewing all of the entries for Martinez and Saragih, only five entries appears to be non-clerical work. For example, an entry on October 14, 2008, reflects that Paralegal Saragih spent 0.30 hours drafting a "letter to client

to call attorney." Doc. No. 21-2 at 7. Other entries related to preparation of form filings and placing the complaint packet on a CD, *id.* (entries of November 10, 2008), and status letters, telephone calls, or faxes to Hernandez or Defendants, *id.* (entries of December 5, 2008, January 19, 2009, January 22, 2009, January 23, 2009, February 2, 2009, February 10, 2009, February 12, 2009). None of these entries represent compensable time. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Accordingly, I recommend the Court find that 1.1 hours of work by Martinez were reasonable[6], and that none of the work by Saragih was reasonable.

---

[6] The following hours worked by Martinez are reasonable, absent objection:

| Date | Description | Hours |
| --- | --- | --- |
| 11/10/2008 | Preparation of Complaint / Summons (Finalized) | 0.30 |
| 11/10/2008 | Preparation of Court Interrogatories (Finalize) | 0.20 |
| 1/14/2009 | Telephone conversation with client regarding settlement offer. Client accepts | 0.20 |
| 1/21/2009 | Telephone conversation with client regarding Defendant's offer of monthly payments | 0.20 |
| 1/22/2009 | Telephone conversation with client regarding possible settlement amounts | 0.20 |
|  | **TOTAL HOURS TO BE AWARDED** | **1.10** |

### 3. Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Carlos Leach | $160.00 | 5.9 | $ 944.00 |
| Rafael Martinez | $50.00 | 1.1 | $ 55.00 |
| **TOTAL** | | | **$ 999.00** |

### 4. Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In FLSA cases, the award of costs is made in accordance with 28 U.S.C. § 1920. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A district court may not award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). In exercising its discretion to award costs allowed by § 1920, a district court must identify the reasons for denying some or all costs to a prevailing party. *Head*, 62 F.3d at 354. The following are the allowable costs as set forth in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Leach avers that $350.00 was paid for the filing fee and $85.00 for the costs of serving process in this case. Doc. No. 21-2 at 10. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Attorney Leach also seeks $7.25 in photocopy charges. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(citing *Fressell v. AT&T Technoligies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F. 2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not allowed. *Desisto*, 718 F. Supp. at 913 (citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) and *Fressell,* 103 F.R.D. at 116). The burden of proof for copying expenses is on the moving party because the cost is within the exclusive

knowledge of the moving party. *Desisto*, 718 F. Supp. at 910 n.1. In this case, Leach offered no evidence of the reason for incurring the photocopy charges, and these costs must be deducted.

Leach also seeks $1.59 in postage charges, and $11.00 in facsimile charges. Postage and facsimile charges are not recoverable costs. *DeSisto*, 718 F. Supp. at 914.

Leach also seeks reimbursement for a September 16, 2008, check to American Express on behalf of Richard Celler in the amount of $5.00. Leach has not provided evidence as to the reason this expense appears on the cost ledger, or any basis to categorize this expense as a taxable cost. Similarly, Leach seeks reimbursement of $.75 for an unspecified purpose without any basis to catagorize this expense as a taxable cost. Finally, Leach seeks a reimbursement for a "Disbursement of Travel Expenses" for Eric Ramirez on August 6, 2008, in the amount of $26.56. Travel expenses are not taxable costs. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Accordingly, the taxable costs total $435.00.

*C. Fairness Finding.*

This case involved factual issues disputed by the parties. *See* Section III. A. *supra*. Each side was represented by counsel, and all parties voluntarily agreed to the settlement amount. The settlement includes a reasonable attorney's fee. However, the reasonable attorney's fees and taxable costs, which total $1,434.00, exceed the amount of attorney's fees and costs payable under the settlement, which total $1,500.00. Under these circumstances, the Court cannot determine whether the amount that Hernandez agreed to accept was improperly influenced by the agreed amount of attorneys' fees and costs. Accordingly, there is an insufficient basis for the Court to conclude that the settlement agreement is fair.

Because the attorney's fees that will be incurred to revise the settlement agreement will undoubtedly exceed the $66.00 difference between the reasonable attorney's fees and costs and those agreed to under the settlement agreement, I recommend that the Court reallocate the settlement funds to pay Hernandez $1,066.00 dollars and to pay counsel $1,434.00, with the proviso that if any party objects to the reallocation, the settlement agreement will be rejected and the case will proceed. *See Smalbein*, 353 F.3d at 912 (Carnes, J., concurring). If the parties and counsel agree to the reallocation, I find the settlement would be a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.     RECOMMENDATION.

For the reasons discussed above, I recommend that the Court reallocate the settlement funds to pay $1,066.00 to Hernandez and $1,434.00 to Morgan & Morgan, P.A. I further recommend that the parties advise the Court within the time to object to this Report and Recommendation whether they request that the Court restructure the settlement agreement in this manner or, if not, find the settlement agreement is not fair.

If the Court approves the settlement agreement, I further recommend that the Court do the following:

   a.   **FIND** the settlement agreement fair, as modified;

   b.   **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

   c.   **PROHIBIT** counsel for Hernandez from withholding any portion of the $1,066.00 payable to Hernandez under the settlement agreement, pursuant to a retainer agreement or otherwise;

  d. **REQUIRE** that the first $1,066.00 paid by Defendants be distributed to Hernandez;

  e. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file; and,

  f. **ORDER** Morgan & Morgan to provide a copy of the Court's Order to Plaintiff;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

  Recommended in Orlando, Florida on March 19, 2009.

             *Karla R. Spaulding*
             KARLA R. SPAULDING
           UNITED STATES MAGISTRATE JUDGE